IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMMA MARTIN, ) | |
| ) | |
| Plaintiff, ) | 2:23-cv-01311 |
| ) | |
| v. ) | |
| ) | |
| HIGHMARK HEALTH INSURANCE Co, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER GRANTING MOTION TO DISMISS, WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

The Plaintiff, Ms. Martin, now lives in Florida. She is in her 60s. She formerly worked in this District at one of the affiliates of the named Defendant Highmark Health Insurance Co. ("Highmark"). She was discharged from employment on June 22, 2022, (ECF No. 4 ¶ 11), with Highmark telling her that it was because of her work product, as she was responsible for a chargeable financial loss to Highmark of more than $500,000. (*Id.* ¶ 12).

Ms. Martin brings this employment discrimination lawsuit against Highmark, *pro se*, on various grounds. She has also sued her now-deceased former manager, Mark Thompson. No appearance has been entered on his behalf. Highmark has moved to dismiss the case. (ECF No. 31). Plaintiff has filed numerous papers, which the Court has liberally construed to be Plaintiff's opposition to that motion (ECF No. 38), given the liberality that the Court is required to give to such *pro se* pleadings. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). For the reasons which follow, the Motion to Dismiss is granted in full, but as to part of it, such is without prejudice and with leave to amend.

1

First, the Plaintiff sues under Title VII of the Civil Rights Act, although she also referenced her age as a basis of unlawful discrimination in her administrative charge, which would also implicate the Age Discrimination in Employment Act ("ADEA") (ECF No. 4 ¶ 3). Each such federal statute requires the filing of an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") setting forth in at least a minimal fashion the basis for a claim of unlawful workplace discrimination. *Burgh v. Borough Council*, 251 F.3d 465, 470 (3d Cir. 2001); *Barzanty v. Verizon PA, Inc.*, 361 F. App'x 411, 413 (3d Cir. 2010). Plaintiff filed such a timely charge on April 13, 2023. (ECF No. 32-1). She listed two and only two bases of allegedly unlawful discrimination, namely her age and her race. (*Id.* at 3). Any such EEOC charge had to be filed within 300 days of the date of the occurrence of the unlawful discrimination. 42 U.S.C. § 2000e–5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002); *see also Burton v. Teleflex Inc.*, 707 F.3d 417, 432 (3d Cir. 2013) (stating that the ADEA, PHRA, and Title VII are to be interpreted coextensively). That occurrence date is, at the latest, is June 22, 2022, the date on which Ms. Martin was discharged. That EEOC filing period is now long expired.

To the extent the Plaintiff alleges any claims of unlawful discrimination other than age and race, she has failed to administratively exhaust as to any such claims, and any such non-exhausted claims are therefore dismissed with prejudice, as that failure cannot now be cured by amendment given the passage of time. *Barzanty*, 361 F. App'x at 413–14 ("[An] ensuing suit is limited to claims that are within the scope of the initial administrative charge.") (citing *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996)).

Next, Plaintiff sues Mark Thompson, her former boss. The papers of record reflect that he is dead. There is no indication that service was ever accomplished on him while he was alive, nor on any representative of him since his death. He died on September 22, 2022, based on the

Plaintiff's filings. (ECF No. 4-1 at 37). There is no basis advanced by which claims may now be asserted against him, or his estate (which, per the record before the Court, has also not been served), and all claims against him are therefore dismissed, without prejudice.

As to the substance of the claims asserted, they fall far short of what the law requires. First, most of the content of the papers filed by Plaintiff consist of general disagreements with Highmark's assessment of her work, and her value to its business. Neither Title VII nor the ADEA provide a vehicle for a federal court lawsuit to resolve such a disagreement. "Title VII . . . do[es] not provide relief for unpleasantness that may be encountered in the workplace. Rather, they provide a remedy only if discrimination seriously and tangibly altered the employee's ability to perform the job or impacted the employee's job benefits." *Walker v. Centocor Ortho Biotech, Inc.*, 558 F. App'x. 216, 219 (3d Cir. 2014) (citing *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004)) And while the Plaintiff contends that her work was generally satisfactory, and that she had "passed" at least two "audits" of her work (ECF No. 4 ¶ 11), she does not in any way directly call into question that as Highmark told her, she caused a negative financial impact on Highmark of more than $500,000. (*Id.* ¶ 12 (discussing but not disputing the $500,000 loss that Highmark allegedly suffered because of Plaintiff's actions at work)). She also raises no basis to conclude that any similarly situated employee who was of another race or who was materially younger engaged in similar conduct and was treated more favorably. *See McGarrigle v. Cristo Rey Phila. High Sch.*, No. 22-cv-4713, 2023 WL 2975870, at *8 (E.D. Pa. Apr. 17, 2023) ("[Plaintiff] must allege something from which we can infer . . . discrimination.").

Other than pointing out that Thompson was white, and she (Plaintiff) was black, Plaintiff advances no other facts that would tend to show that she was treated in a less favorable manner, or was otherwise treated unlawfully, due to her age or race. And the fact that her boss was white

3

and she was black is not, in and of itself, a sufficient basis to raise an inference of unlawful discrimination. *See Gonda v. Donahoe*, 79 F. Supp. 3d 284, 296 (D.D.C. 2015) ("[M]ere difference in race between a supervisor and an employee, without more, cannot support an inference of intentional discrimination.") (internal marks and citation omitted); *Jamieson v. Poughkeepsie City Sch. Dist.*, 195 F. Supp. 2d 457, 473 (S.D.N.Y. 2002) ("It is not the law, however, that . . . disagreements give rise to inferences of discrimination just because people of different races are on either side of the question. More is required to show discrimination."). And any hypothetical inference arising from this difference in race would be defeated by the reality that Plaintiff created a loss in excess of $500,000 for Highmark, which constitutes legitimate grounds for termination. *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994) ("[P]laintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence, and hence infer that the employer did not act for [the asserted] non-discriminatory reasons.") (internal marks and citations omitted).

As noted above, any claim of unlawful retaliation also was not exhausted, the face of the Complaint demonstrates that such is now time barred, and it will be dismissed with prejudice. *See Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (providing that a statue of limitations defense may provide a basis for dismissal so long as the time bar is apparent "on the face of the complaint") (quoting *Behtel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)). As to Plaintiff's claims of being subjected to an unlawful "hostile work environment," while Plaintiff avers that Thompson "bullied" her, it is only in the most conclusory fashion, which falls far short of the requirement that there are objectively present severe and/or pervasive harassment based on age and/or race. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (stating that the

standards for Title VII hostile work environment claims are "demanding" so that Title VII does not expand into a "general civility code") (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)); *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 278 (3d Cir. 2001) (requiring that the alleged hostile work environment be "linked" to a "discriminatory animus"). What is alleged misses that mark.

In light of the above, the Court grants the motion to dismiss as to any and all claims alleged other than those averring that the Plaintiff was fired or subjected to a hostile work environment based on her race and/or age. The dismissal of those claims is with prejudice, as those shortcomings cannot be cured by amendment at this point. All claims against Mark Thompson are also dismissed for the reasons noted above, but without prejudice.

As to the claims that the Plaintiff was discharged based on her race and/or age or was subjected to a hostile work environment on those grounds are likewise dismissed because, at this point, they fall far short of the showing that is required for such to go forward. But the court cannot say that those shortcomings are incurable via amendment. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 192 (1962); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Therefore, and particularly in light of Ms. Martin's *pro se* filing status, these claims are dismissed but without prejudice and with leave to file an amended complaint within 21 days of the date of this Memorandum Order. The Court specifically advises the Plaintiff that it does not anticipate granting any further leave to amend, absent an intervening change in controlling law or the discovery of facts not previously knowable.

5

     Should an amended complaint not be filed on time, then all dismissals without prejudice are converted to dismissals with prejudice without further notice or order.

                                             s/ Mark R. Hornak  
                                             Mark R. Hornak  
                                             Chief United States District Judge

Dated:  January 5, 2024