IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMMA MARTIN, | ) |
| | ) |
| Plaintiff, | ) 2:23-cv-01311 |
| | ) |
| v. | ) |
| | ) |
| HIGHMARK HEALTH INSURANCE Co, | ) |
| | ) |
| Defendant. | ) |

**OPINION**

**Mark R. Hornak, Chief United States District Judge**

Before the Court is Defendant Highmark Health Insurance Co.'s Motion to Dismiss (ECF No. 44) Plaintiff Emma Martin's Amended Complaint (ECF No. 42). For the reasons set forth herein, Highmark's Motion is GRANTED, and this action is DISMISSED with prejudice.

I.     FACTUAL AND PROCEDURAL HISTORY

The Plaintiff, Ms. Martin, now lives in Florida. She is in her 60s. She is African American. She formerly worked in this District at one of the affiliates of the named Defendant Highmark Health Insurance Co. ("Highmark"). She was discharged from employment on June 22, 2022, (ECF No. 4 ¶ 11), with Highmark telling her that it was because of her work performance, specifically that she was responsible for a chargeable financial loss to Highmark of more than $500,000. (*Id.* ¶ 12).

Ms. Martin brings this employment discrimination lawsuit against Highmark, *pro se*, on various grounds. She has also sued her now-deceased former manager, Mark Thompson. No appearance has been entered on his behalf.

1

Highmark previously moved to dismiss the case. (ECF No. 31). That Motion was granted with prejudice in part and without prejudice in part. (ECF No. 40). Plaintiff's claims of unlawful employment discrimination based on reasons other than race and age were dismissed with prejudice, as the Court concluded that Plaintiff failed to administratively exhaust any claims outside of those based on race and race, that the period for administrative filings had long since closed, and that those claims could not be resurrected by subsequent amendment. (*Id.* at 2). Plaintiff's retaliation claims were also not exhausted with the EEOC and were accordingly dismissed with prejudice, as those claims could not be validly restored via amendment. (*Id.* at 4). Plaintiff's claims against her deceased former boss, Mark Thompson, were dismissed without prejudice. (*Id.* at 3). Plaintiff's claims against Highmark based on race and age were dismissed without prejudice for the failure to state a claim. (*Id.*). In dismissing some of Plaintiff's claims without prejudice, the Court advised Plaintiff that it did not anticipate granting leave for Plaintiff to file a Second Amended Complaint, should her first Amended Complaint, as authorized by the Court in its dismissal Order, be subject to subsequent dismissal. (*Id.* at 5).

Plaintiff filed just such an Amended Complaint. (ECF No. 42). Plaintiff argues that, because Highmark did not provide ample "evidence" to support the assertion that she made an error costing Highmark an amount in excess of $500,000, she was wrongfully terminated.[1] (*Id.* at 2). In making this argument, Plaintiff does not dispute that Pennsylvania is an at-will employment state, (*id.*), but instead asserts that "[i]t is hearsay to tell a person [they] committed a crime without evidence." (*Id.*). She further asserts that Mark Thompson, one-time Defendant in this action and Plaintiff's now-deceased former boss, "was a middle age uneducated white male that did not know

---

[1] Plaintiff submitted a Motion for Sanctions on this point, arguing that Highmark had a responsibility to provide her with discovery as to the alleged $500,000 error and that Highmark had a responsibility to respond to her settlement request. (ECF Nos. 47, 49). Those Motions were resolved in Highmark's favor via a separate Order. (ECF No. 50).

2

what he was doing" and that "he was intimated by an educated African-American woman." (*Id.*). Plaintiff finally argues that the alleged $500,000 error cannot be supported because management (*i.e.*, one of Ms. Martin's superiors) must approve claims and transactions with a value in excess of $100,000. (*Id.*). Therefore, Plaintiff contends that any error, even if such actually occurred, was not her fault. Taken together, Plaintiff argues that the reasons set forth above demonstrate that she was harassed and wrongfully terminated by Highmark and that Highmark violated her procedural Due Process rights under the Fourteenth Amendment by not providing her "evidence," best read as a request for discovery, that she did actually make an error that cost Highmark over $500,000.[2] (*Id.* at 17–21).

Highmark filed a Motion to Dismiss the Amended Complaint. (ECF No. 44). Highmark argues that the Amended Complaint does not cure the deficiencies as to Plaintiff's race- and age-based discrimination claims; indeed, the Amended Complaint does not even specifically plead violations of Title VII or the Age Discrimination in Employment Act (ADEA). (ECF No. 45 at 5). Highmark also argues that Plaintiff's Procedural Due Process claim must be dismissed, as it is not a state actor or otherwise intertwined with a government entity such that the Fourteenth Amendment applies to it. (*Id.* at 9).

Plaintiff's Response in Opposition (ECF No. 46) recapitulates arguments about a lack of discovery production from Highmark and asserts that Mark Thompson and Highmark "bullied" her and "ruined her life" by terminating her employment. (*Id.* at 2).

---

[2] Plaintiff also makes references to the Confrontation Clause of the Sixth Amendment and the Supreme Court's holding in *Brady v. Maryland*, 373 U.S. 83 (1963), but the theoretical application of both the Confrontation Clause and *Brady* are unclear to the Court given the procedural posture of this action and that this action is a civil, not criminal, action.

## II. LEGAL STANDARD

To state a plausible claim for relief and thereby survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the non-moving party's factual allegations must "raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and must do more than "plead[] facts that are 'merely consistent with' a defendant's liability*.*" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting id. at 557). A mere "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. And "although a plaintiff is entitled to all reasonable inferences from the facts alleged, 'a plaintiff's legal conclusions are not entitled to deference, and the Court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Chaleplis v. Karloutsos*, 579 F. Supp. 3d 685, 699 (E.D. Pa. 2022) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Court is to "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878–79 (3d Cir. 2018) (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Kirk v. Caulfield*, No. 21-cv-556, 2022 WL 19406593, at *3 (W.D. Pa. May 17, 2022), *report and recommendation adopted*, 2023 WL 2325049 (W.D. Pa. Mar. 2, 2023) (citing *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003)). However, while *pro se* pleadings are to be construed liberally, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). "*Pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim." *Kirk*, 2022 WL 19406593, at *3 (citations omitted).

### III. DISCUSSION

#### a. Due Process Claim

The Fourteenth Amendment provides that "no State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. XIV, § 1. With its reference to "State" action, "[t]he Fourteenth Amendment governs only state conduct, not that of private citizens." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (citing *Rendell–Baker v. Kohn,* 457 U.S. 830, 837–38 (1982)).

Here, there is no colorable allegation that Highmark is a state entity, or is to be treated as such, or that any state entity delegated authority to Highmark or is otherwise intertwined with Highmark such that it could be considered a state actor. *See CMR D.N. Corp. v. City of Phila.*, 829 F. Supp. 2d 290, 302 (E.D. Pa. 2011) (citing *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 195 (1988)). Plaintiff's Due Process claim therefore fails to state a cognizable claim for relief, and such could not be cured by further amendment given that no government entities are involved in this action. Therefore, this claim is dismissed with prejudice.

#### b. Employment Discrimination Claims

A consequence of the many procedural defects in Plaintiff's Amended Complaint[3] is that the only cause of action actually listed and defined is the Due Process claim discussed above.

---

[3] Plaintiff's Amended Complaint makes no attempts to comply with the Federal Rules of Civil Procedure. The Amended Complaint is not stylized in paragraph form, and the substance of the Amended Complaint is comprised of what Plaintiff alleges to be copies of emails she sent to affiliates of Highmark, copies of the text of some of the docket entries from this action, and a copy of what appears to be Cornell Law School's Legal Information Institute webpage. *E.g.*, *cf.* ECF No. 42 at 19 ("With respect to confrontation and cross-examination of witnesses, the Supreme Court has held that [i]n almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses.") *with Additional Requirements of Procedural Due Process*, Cornell Law School Legal Information Institute, https://www.law.cornell.edu/constitution-conan/amendment-14/additional-requirements-of-procedural-due-process (last visited April 2, 2024) ("With respect to confrontation and cross-examination of witnesses, the Supreme Court has held that '[i]n almost every setting where important decisions turn on questions of fact, due process requires an

However, because the substance of Plaintiff's allegations could reasonably be construed as alleging violations of Title VII and the ADEA, the Court will address the legal sufficiency of those claims as well.

To state a legally sufficient claim of age discrimination under the ADEA, a plaintiff must show that "(1) [she] is at least forty years old; (2) [she] suffered an adverse employment decision; (3) [she] was qualified for the position in question; and (4) the adverse action occurred under circumstances that create an inference that [her] age was a motivating factor." *Dodson v. Coatesville Hosp. Corp.*, 773 F. App'x 78, 80 (3d Cir. 2019) (citing *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 310 (1996)).

Here, age is scarcely referenced in the Amended Complaint. While Plaintiff correctly points out that age discrimination is against the law, (ECF No. 42 at 7), Plaintiff does not demonstrate or otherwise allege the existence of negative remarks tied to her age, and the reality that Plaintiff was in her 60s at the time of her termination only goes to one element of an age discrimination claim under the ADEA; she still must allege some facts that could create an inference that the adverse action (her termination) was related to her age to the degree that it could be found to have been the "but for" motivating factor behind her termination. Plaintiff's Response in Opposition, (ECF No. 46), similarly adds little, if anything, to her age-based allegations and is instead a nearly identical copy of the Amended Complaint. Thus, because there are no facts

---

opportunity to confront and cross-examine adverse witnesses.'"). While the Court has only selected one line of text to compare in this footnote, upon thorough review of what could fairly be described as the "argument section" of Plaintiff's Amended Complaint, it appears that multiple pages of text are copied from this webpage and similar others published by Cornell Law School without any reference to Cornell Law School's site in the Amended Complaint. Putting aside Plaintiff's "copy and paste" approach to this educational resource, the copied text is not coupled with analysis applying the law to the facts actually at issue here. Copying and pasting text from legal resources falls far short of stating a legally sufficient claim.

advanced by Plaintiff that could give rise to an inference of age discrimination, Plaintiff's ADEA claim is dismissed.

Turning to Plaintiff's allegations about racial discrimination, under Title VII, to state a prima facie claim of unlawful disparate treatment, "the plaintiff must prove that she belongs to a protected class; that she was qualified for the position; that she suffered an adverse employment action; and the adverse action occurred under circumstances that give rise to an inference of discrimination." *Davis v. City of Newark*, 285 F. App'x 899, 903 (3d Cir. 2008) (citing *Jones v. Sch. Dist. of Phila.,* 198 F.3d 403, 410–12 (3d Cir. 1999)). At the pleading stage, a plaintiff must make a showing that such is the case.

As with her ADEA claim, though Plaintiff has suffered an adverse employment action in the form of her employment termination, Plaintiff does not allege facts that could give rise to an inference of unlawful race discrimination. As she did in her original Complaint, Plaintiff broadly alleges that she was bullied and harassed by Highmark employees but does not state with reasonable specificity *how* she was bullied and harassed, let alone that any supposed bullying and harassment was because of her race. And, as in her in original Complaint, Plaintiff relies only on the difference in race between her and her now-deceased former boss, who was white, to support her claim of racial discrimination. But as the Court set out in its prior Memorandum Order:

> [T]he fact that her boss was white and she was black is not, in and of itself, a sufficient basis to raise an inference of unlawful discrimination. *See Gonda v. Donahoe*, 79 F. Supp. 3d 284, 296 (D.D.C. 2015) ("[M]ere difference in race between a supervisor and an employee, without more, cannot support an inference of intentional discrimination.") (internal marks and citation omitted); *Jamieson v. Poughkeepsie City Sch. Dist.*, 195 F. Supp. 2d 457, 473 (S.D.N.Y. 2002) ("It is not the law, however, that . . . disagreements give rise to inferences of discrimination just because people of different races are on either side of the question. More is required to show discrimination.")

(ECF No. 40 at 3–4). While the record does support the assertion that Plaintiff had some sort of conflict with Mr. Thompson, where he purportedly stated on a conference call that he wanted to fire a new employee, a category which Plaintiff fit in at the time of the call, (ECF No. 42 at 3), the record does not support the assertion that Mr. Thompson's desire to terminate someone directly referenced the Plaintiff, or critically on this point, was based in any way on race. As set forth above, Plaintiff's only argument connecting her dispute with Mr. Thompson (and her ultimate termination) to her race is that Thompson was a "middle age uneducated white male" that was "intimidated by an African American woman," (ECF No. 42 at 2), and this is exactly the kind of conclusory allegation that the Court must disregard under Rule 12(b)(6). Without supporting facts upon which the Court could draw an inference of racial discrimination, a claim under Title VII cannot be had. And because no such supporting facts have been set forth here, Plaintiff's Title VII claim, to the extent one exists, must be dismissed.

    c. **Further Amendment**

Federal Rule of Civil Procedure 15(a) provides that the Court should freely grant leave to amend "when justice so requires." But amendment "is not automatic," *Briggs v. Macy's Inc.*, 329 F.R.D. 82, 85 (M.D. Pa. 2018), as the "the grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Repeated failure to cure deficiencies in the complaint by amendments previously allowed and futility of further amendment can constitute a basis for the Court to deny further leave to amend. *Id.*

Here, after dismissing the original Complaint, the Court made plain that it did "not anticipate granting any further leave to amend, absent an intervening change in controlling law or the discovery of facts not previously knowable." (ECF No. 40 at 5). There has been no intervening change of controlling law, nor have there been any facts advanced that were not previously

knowable. Plaintiff's Amended Complaint recycles allegations from the original Complaint that were previously determined to be insufficient. Continual amendment, where the claims advanced in successive complaints are nearly identical and could be fairly read by an uninterested third party as frivolous, does not advance the interests of justice; rather, permitting amendment in such circumstances would be (1) inequitable because it forces the Defendant to repeatedly defend against the same arguments; and (2) futile because the Plaintiff had notice of the deficiencies of her original Complaint but still did not cure them. Put neatly, a plaintiff cannot be permitted to amend her complaint in perpetuity, especially where, as here, the claims advanced are nearly identical to the claims advanced via the original bite at the apple. Accordingly, because further amendment would be futile and prejudicial, and because Plaintiff has failed to cure the legal deficiencies in her pleadings, dismissal with prejudice is appropriate.

## IV.  CONCLUSION

At bottom, this is a dispute that the Court is without authority to resolve. Most of Plaintiff's arguments are centered around how she felt blindsided by her employment termination (ECF No. 42 at 4), the effect it had on her personal life (ECF No. 46 at 2), and the current climate surrounding race relations in the United States. (*Id.* at 20). While the Court cannot conclude that any of those arguments is unimportant, none of them constitute a legally sufficient basis upon which Plaintiff can advance her claims past the motion to dismiss stage.

Therefore, for the reasons set forth above, Defendant's Motion to Dismiss (ECF No. 44) is GRANTED. Plaintiff's claims and this action are DISMISSED with prejudice. The Clerk shall close the case on the docket.

s/ Mark R. Hornak<br>Mark R. Hornak<br>Chief United States District Judge

Dated: April 4, 2024